J. HENRY HEAVILAND, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BURLINGTON AND WILBUR F. SHINN.

Argued June 13, 1899—Decided November 13, 1899.

1. An honorably-discharged Union soldier holding the position of janitor of the county court-house for an indefinite term, under the appointment of the board of chosen freeholders, made after the passage of the Veteran act of 1895 (*Gen. Stat., p.* 3702), holds said position during good behavior, and cannot be removed except for cause.

2. Where such an appointee is afterwards wrongfully removed from his position by the action of a subsequent board adopting a rule to fix the term of office of the janitor at one year, and another honorably-discharged Union soldier is appointed with full knowledge of said rule, and at the end of the year the latter replaced by the appointment of the former incumbent, *certiorari* will not lie to set aside the last appointment on the ground that such election was illegal under the Veteran act.

---

On *certiorari.*

Before Justices DEPUE, GUMMERE and LUDLOW.

For the prosecutor, *Jerome B. Grigg.*

For the defendants, *Charles K. Chambers* and *Samuel A. Atkinson.*

The opinion of the court was delivered by

LUDLOW, J.  From the return made to this writ and the testimony taken under the rule, it appears that the board of chosen freeholders of Burlington county, at their annual

meetings from May 10th, 1892, to May 11th, 1898, appointed one Wilbur F. Shinn, who was an honorably-discharged Union soldier, to the position of janitor or keeper of the county court-house.

It does not appear that there was any rule or by-law of the board fixing the term of that position prior to May 11th, 1898, but until that day its term was an indefinite term not fixed by any law, and was a place entirely under the control of the board as to appointment and term.

The last appointment of Mr. Shinn to that position prior to May 11th, 1898, was made by the board at its annual meeting of May 13th, 1897.

During the period between the years 1892 and 1898, and on March 14th, 1895, the act entitled "An act regarding honorably-discharged Union soldiers, marines and sailors," known as the Veteran act of 1895, became a law of this state (*Gen. Stat., p.* 3702), and said Shinn being an honorably-discharged Union soldier, holding the aforesaid position by the appointment of said board of chosen freeholders, made after the passage of the said Veteran act, had the clear right, by the terms of that act, to possess and hold his said position during good behavior, and he could not legally be displaced or removed therefrom, except for good cause shown after a fair and impartial hearing. *Peterson* v. *Freeholders of Salem,* 34 *Vroom* 57.

It also appears that while Shinn was in possession of and legally holding said position the said board of Burlington county, at their annual meeting of May 11th, 1898, after organizing and before going to general business, adopted certain by-laws or rules for their government and conduct of business, and one of such by-laws or rules was for the regulation of the appointment and term of office of the several committees and the appointees of the board, and was as follows: "The board shall appoint at its annual meeting the following committees on which both political parties shall be represented," naming the several committees, "and they shall at the same time elect a keeper of the court-house, a physi-

cian for the county poorhouse, a physician for the county jail, and a solicitor for two years, the solicitor to receive seventy-five dollars per annum."

By *Gen. Stat., p.* 423, the term of office of solicitor for counties of the class of Burlington, was fixed for two years. The other positions had no fixed term by any statute, and by the by-law or rule of the board became annual positions to be filled at the annual meeting of the board.

There can be no question as to the right of a board of chosen freeholders to fix the term of their own appointees by their by-laws or rules, and the acceptance of a position by any person elected thereto under said by-laws or rules, with knowledge of their existence, bound such person to compliance therewith. Heaviland was present at the meeting of the board and at their adoption of said by-law or rule and knew of its adoption. It appears that after this by-law or rule was adopted by the board at their annual meeting of May 11th, 1898, the board proceeded to election under it, and J. Henry Heaviland received fifteen votes and Wilbur F. Shinn fourteen votes, and Heaviland was declared elected and went into the place. In answer to the question:

"*Q.* When you were elected you understood according to the rules of the board of freeholders that you were elected for one year?

"*A.* I understood so at first."

To another question:

"*Q.* When you were elected how long did you understand the term to be?

"*A.* I supposed for two years, anyhow."

Heaviland, in answer to another question:

· "*Q.* And what was the reason you claimed you could not be removed this [1899] year?

"*A.* I claimed it under both the book or rules of the board of chosen freeholders and the decision of the Supreme Court."

From this and other facts shown, it is perfectly clear that Mr. Heaviland accepted the said position under and with knowledge of said by-law or rule and with acquiescence on

his part that its term was fixed for the year to end at the next annual meeting of said board. ,

The displacement by the board of Shinn, who was an honorably-discharged Union soldier, was unquestionably illegal and in violation of the Veteran act of 1895; and it appears Mr. Shinn protested all the while against such illegal action of the board, but his submitting himself as a candidate for election at the meeting of May 11th, 1898, under the said by-law or rule, notwithstanding his protest, may be considered as a waiver of his privileges and rights under the Veteran act and as an acquiescence on his part and submission to said by-law or rule of the board by which the term of said position, theretofore indefinite, after said by-law or rule, became a fixed term as aforesaid. But his (Shinn's) surrender or waiver of his said rights did not in any manner validate the already consummated illegal action of said board in their said violation of said Veteran act. At their annual meeting, held May 10th, 1899, the board, proceeding under said by-law or rule, elected said Wilbur F. Shinn janitor or keeper of the court-house.

The minutes of that meeting show that when nominations for janitor or keeper of the court-house were called for, a member (who the prosecutor admits acted in his behalf) " objected, saying that that office was already filled by J. Henry Heaviland, an old soldier, and that the Supreme Court had decided that an old soldier cannot be removed from office except for cause, and that the present incumbent is thus protected from removal and that his removal would necessarily end in a law suit."

After Mr. Shinn was nominated Heaviland was also nominated, but subsequently withdrew, " claiming that he could not be removed." The minutes further show " that Shinn, being the only nominee, received fifteen votes, no votes being cast by the Democrats for Mr. Heaviland, and Mr. Shinn was declared elected janitor," and, it appears, went into and took charge of the place. Thereupon the prosecutor obtained this *certiorari*, whereby he seeks to set aside the said election

of Mr. Shinn for the reason that said board therein acted unlawfully and in defiance of the said Veteran act of 1895, and that for said reason the said election is unlawful and of no binding force or validity and should be so declared by this court.

Thus claiming, he substantially and in effect attempts to repudiate his election and acceptance under the rule and by-law of May 11th, 1898, and asserts a right to hold the said position under the Veteran act, regardless of the way he came into the possession of that place.

The evidence establishes that Heaviland came into his position and accepted it under the by-law or rule of the board as a position whose term was fixed by law, and on the expiration of that term he was out of the position, and it made no difference, whether he was an honorably-discharged Union soldier or not. His term was up. He had no rights there any longer, and Mr. Shinn's election to the position was not in any way injurious to Heaviland, and he had no right to this writ or to its further prosecution. But if it were doubtful, under all the facts, as to the term of the position held by the prosecutor being fixed or definite, and if, notwithstanding the said by-law or rule of the board, the term continued to be an indefinite term, the prosecutor would not have, and ought not to have, any standing in this court by his own showing. He claims that Shinn's election in 1899 was an illegal and void action by the board solely because it was in violation of the Veteran act. He therefore cannot deny, and must concede, that the action of the board in 1898, in displacing Shinn and electing Heaviland, under which action he claims title, was illegal and void for the very same reason. Therefore, Heaviland is in his position under an invalid title, and he asks to have the election of Shinn moved out of his way so that he may continue undisturbed in his illegal possession. This writ cannot be used as a means to bolster up, support or prolong his illegal possession of said place.

The writ is dismissed, with costs.